IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNENVIRONMENT and SIERRA CLUB, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs | ) | Civil Action No. 12-342 |
| | ) | |
| PPG INDUSTRIES, INC. and BOROUGH OF FORD CITY, | ) | |
| | ) | |
| Defendants. | ) | |

O R D E R

On September 20, 2013, Defendant PPG Industries, Inc. (PPG) filed two discovery motions in this case: a Motion to Compel Full and Complete Answers to Its First Set of Interrogatories (ECF No. 75) and a Motion to Compel an Amended Privilege Log From the Plaintiffs and to Compel Production of Improperly Withheld Documents (ECF No. 77). The motions were briefed and a discovery conference was held on October 9, 2013. At the conference, the Court directed that the motions would be dismissed without prejudice and that Plaintiffs (PennEnvironment and Sierra Club) were to submit an amended privilege log and amended response to interrogatories by October 18, 2013 (ECF No. 89). The Court noted that, if the parties remained unable to resolve their discovery disputes, they would be referred to a special discovery master at the joint expense of the parties. However, the Court stated that it would review limited discovery issues.

On October 24, 2013, PPG filed a Renewed Motion to Compel Production of Improperly Withheld Documents (ECF No. 95), which it represented was narrowly tailored to compel production of two discrete categories of documents. On October 25, 2013, Plaintiffs submitted an opposition (ECF No. 96) which was limited to the procedural response that PPG's counsel had not actually conferred or attempted to confer with Plaintiffs' counsel pursuant to Federal

Rule of Civil Procedure 37. Plaintiffs indicated that, if the Court permitted PPG's motion to proceed, they would request an opportunity to respond to the arguments in PPG's motion on the merits. Unfortunately, the Court overlooked this portion of the response and on October 29, 2013, the motion to compel was granted (ECF No. 97).

On November 5, 2013, Plaintiffs filed a motion for reconsideration, in which they again requested the opportunity to respond to PPG's motion on the merits (ECF No. 98). On November 6, 2013, an order was entered (ECF No. 100), staying the order granting the motion to compel pending final resolution of the motion for reconsideration. On November 12, 2013, PPG filed its opposition to the motion for reconsideration (ECF No. 101) and on November 14, 2013, Plaintiffs filed their reply brief (ECF No. 107). Thus, the motion for reconsideration is now ripe for disposition.

> "The purpose of a motion for reconsideration," we have held, "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration lies "within the sound discretion of the district court." Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 160 (3d Cir. 1998).

Plaintiffs move for reconsideration of the October 29, 2013 order granting the motion to compel on the grounds that: 1) PPG did not meet and confer with Plaintiffs prior to filing its motion, as required by a prior order of the Court and Federal Rule of Civil Procedure 37; 2) PPG is not entitled to the telephone notes of Plaintiffs' attorneys, regardless of who was involved in

2

the conversations, as they represent protected work product under Rule 26(b)(3) and were never provided to third parties; 3) PPG has not addressed the fact that, with respect to the 57 emails for which Plaintiffs have asserted a First Amendment privilege, they have also asserted attorney-client privilege for 24 of them and trial preparation or work product protections as to all 57, and if the Court reaches the issue of the First Amendment privilege, it does apply as the communications are protected from disclosure by the right of privacy regarding association and PPG has not explained why it needs the identities of and communications with individuals upon whom Plaintiffs are not relying to establish standing; 4) Plaintiffs' privilege logs do not include communications with third parties, but rather members of PennEnvironment; 5) the communications PPG claims either were with or were shared with third parties were in fact with prospective clients and the attorney-client privilege has not been waived for these communications, and most of them are protected work product in any event; and 6) communications involving Environment America and The Fund for Public Interest are protected confidential communications among corporate affiliates of PennEnvironment.

In its response, PPG argues that: 1) the parties were not directed to meet and confer again prior to the filing of a renewed motion to compel and such an attempt would have been futile; 2) Plaintiffs had the opportunity to respond in their brief in opposition to the original motion to compel and in their October 18, 2013 correspondence; and 3) Plaintiffs only now for the first time have raised the attorney-client and/or work-product privileges, so these privileges are waived, approximately 33 of the documents consist of communications in which no attorney was involved, and PPG has never demanded any document consisting of Plaintiffs' attorneys' telephone calls.

In their reply brief, Plaintiffs argue that: 1) the parties were under a continuing duty to

3

meet and confer, not only based on an order of Court but also Rule 37, and the effort would not have been futile as it would have provided PPG an opportunity to correct its apparent misunderstandings; 2) Plaintiffs did not have the opportunity to respond on the merits based on earlier filed documents, which primarily argued that the motion to compel was premature; and 3) Plaintiffs have asserted work-product (as to all 57 documents) and attorney-client privileges (as to 24) in each privilege log submitted to PPG, and PPG's act of continuing to seek communications with PADEP after Plaintiffs provided the emails led Plaintiffs to believe that PPG was seeking production of attorney notes.

As an initial matter, Plaintiffs are correct that the parties are under a continuing duty to meet and confer prior to bringing motions to compel, including "renewed" motions, pursuant to Rule 37 and this Court's directive following the telephone status conference on June 4, 2013. See ECF No. 58 ¶ 3 ("Prior to filing any discovery motions, parties are to physically meet and confer and attempt to resolve the dispute and they are to file a certificate attesting to this effect to any motion filed"). Nor did Plaintiffs necessarily have the opportunity to respond on the merits in their prior briefing. Finally, PPG's argument that Plaintiffs never asserted attorney-client and work-product privileges prior to filing the motion for reconsideration is not supported by the record.

Carolyn Smith Pravlik, one of Plaintiffs' counsel in this case, states that:

> The initial privilege log plaintiffs provided to PPG on May 20, 2013, invoked the attorney client privilege for 24 of the 57 communications for which plaintiffs also asserted the First Amendment privilege. Plaintiffs maintained their assertion of these privileges in the amended privilege logs provided to PPG on October 18, 2013…. These same privileges are asserted in the initial privilege log provided on May 20, 2013.
>
> The initial privilege log plaintiffs provided to PPG on May 20, 2013, also invoked the trial preparation privilege for 56 of the 57 communications for which plaintiffs also asserted the First Amendment privilege. The 57th communication

4

was inadvertently omitted from the list of communications subject to the trial
preparation privilege…. These same privileges are asserted in the initial privilege
log, provided on May 20, 2013.

(Third Pravlik Aff. ¶¶ 2-3)[1] (citing Second Pravlik Aff. ¶ 3)[2] (footnote and other citations omitted). See ECF No. 77 Ex. A at 36, 60, 61, 109, 143).

In its renewed motion to compel, PPG sought production of: 1) at least 50 documents that Plaintiffs have refused to produce on the basis of a purported First Amendment privilege; and 2) at least 65 documents for which PPG contends that any asserted privilege has been waived based on communications with third parties. PPG argues that Plaintiffs are not entitled to any First Amendment privilege to withhold documents which may contain the identities of their members in a private civil suit they brought against a private, non-governmental entity. Plaintiffs responded that: 1) PPG is not entitled to the telephone notes of Plaintiffs' attorneys, as these are protected work product regardless of who the attorneys were communicating with; 2) the First Amendment privilege has been extended to civil suits involving private parties; 3) Plaintiffs' privilege logs do not include communications with third parties, but are either individuals who consulted with Plaintiffs' counsel regarding bringing suit against PPG or are officers of national environmental organizations affiliated with Plaintiffs and as such are protected from disclosure.

### Attorney-Client and Trial Preparation Privileges

The attorney-client privilege protects communications between attorneys and clients from compelled disclosure. It applies to any communication that satisfies the following elements: it must be "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." Restatement (Third) of the Law Governing Lawyers § 68 (2000). "Privileged persons" include the client, the attorney(s), and any of their agents that help facilitate attorney-client communications or the legal representation. Id. § 70.

---

[1] ECF No. 107 Ex. 54.
[2] ECF No. 99 Ex. 48.

5

In re Teleglobe Commc'ns Corp., 493 F.3d 345, 359 (3d Cir. 2007).

Another related privilege is the work product doctrine:

> The work product doctrine is governed by a uniform federal standard set forth in Fed.R.Civ.P. 26(b)(3) and "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." United States v. Nobles, 422 U.S. 225, 238 & n. 11, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 966 (3d Cir. 1988). Under Rule 26(b)(3), the work product doctrine applies to "documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)...." Fed.R.Civ.P. 26(b)(3); see also 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2024, at 359 (2d ed. 1994) ("[I]t is clear that all documents and tangible things prepared by or for the attorney of the party from whom discovery is sought are within the qualified immunity given to work product, so long as they were prepared in anticipation of litigation or preparation for trial.").

In re Cendant Corp. Sec. Litig., 343 F.3d 658, 661-62 (3d Cir. 2003) (footnote omitted).

Attorney Pravlik explains that certain individuals (specifically, Carrie and Matthew Alwine, Deborah Dinko and Ned Mulcahy) consulted with Plaintiffs' counsel regarding possible representation but ultimately decided not to file suit or participate in this suit. (Second Pravlik Aff. ¶ 6.) She further states that:

> PPG was provided with documents relating to its waste site that were provided to plaintiffs' counsel by the prospective clients. Plaintiffs have only withheld communications between counsel and these individuals. PPG had ample opportunity to depose these individuals, since plaintiffs identified these individuals to PPG on May 20, 2013, when plaintiffs provided their initial responses to PPG's interrogatories.
>
> The communications with the prospective clients that PPG seeks to have produced were generated as part of the attorney-client relationship; they did not exist prior to the formation of the relationship. They did not have a purpose other than as communication between attorney and client. The communications related to the provision of legal services by plaintiffs' counsel to the individuals involved. These communications were considered to be confidential.

(Second Pravlik Aff. ¶¶ 8-9) (footnote omitted). See also Mulcahy Aff. ¶¶ 3-6.[3] Finally, she states that some communications involved Plaintiffs, counsel and the prospective clients and as such they had a common interest in pursuing this litigation against PPG and the prospective clients cannot be considered "third parties" and that a few communications involved Andrew Michanowicz, who was assisting Plaintiffs' counsel with investigations involving the PPG site and was not a "third party" but a non-adversarial aid. (Second Pravlik Aff. ¶¶ 10-11.)

PPG's response to Plaintiffs' assertion of these privileges is that they are waived, either because they were not asserted until the motion to compel was filed or because the communications were shared with "third parties." However, as noted above, the first argument is belied by the record and the second argument is unavailing. Plaintiffs have pointed to evidence that they asserted these privileges in each privilege log provided to PPG. Moreover, PPG has not responded to Plaintiffs' point that the "third parties" to whom PPG refers were in fact prospective clients with a common interest. See Dempsey v. Bucknell Univ., 2013 WL 5564003, at *8 (M.D. Pa. Oct. 7, 2013) ("The attorney-client privilege protects communications between prospective clients and counsel as well as retained counsel.")

Plaintiffs have demonstrated that the attorney-client and work-product privileges apply to the documents PPG is seeking in its renewed motion to compel and that the privileges have not been waived. The motion will therefore be denied. Because the motion to compel is being denied based upon the attorney-client and work-product privileges, the Court need not address the First Amendment privilege asserted by Plaintiffs in the alternative.

AND NOW, this 22nd day of November, 2013, for the reasons explained above,

---

[3] ECF No. 99 Ex. 53.

IT IS HEREBY ORDERED that the motion for reconsideration filed by Plaintiffs (ECF No. 98) is granted and PPG's renewed motion to compel (ECF No. 95) is denied.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge