IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNENVIRONMENT and SIERRA CLUB,<br>Plaintiffs,<br><br>vs.<br><br>PPG INDUSTRIES, INC., BOROUGH OF FORD CITY, and BUFFALO & PITTSBURGH RAILROAD, INC.,<br>Defendants. | Civil Action No. 12-342<br>Member Cases: 12-527, 13-1395, 13-1396, 14-229 |

MEMORANDUM OPINION AND ORDER

Plaintiffs, PennEnvironment and Sierra Club, bring these citizen suits pursuant to section 505 of the Federal Water Pollution Control Act, 33 U.S.C. § 1365(a)(1) (Clean Water Act or CWA), section 7002(a)(1)(B) of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1)(B) (RCRA), and section 601(c) of the Pennsylvania Clean Streams Law, 35 P.S. § 691.601(c) (CSL), against Defendants, PPG Industries, Inc. (PPG), the Borough of Ford City (Ford City), and Buffalo & Pittsburgh Railroad, Inc. (BPRI), to remedy the alleged imminent and substantial endangerment to health and the environment presented by contamination of a site in Armstrong County, Pennsylvania used and operated by PPG (the "Site"), contamination of surface waters and sediments in the Allegheny River and Glade Run in the vicinity of the Site, and contamination of groundwater associated with the Site.

Presently pending before the Court is a motion filed by PPG to either join A&S America, Inc., d/b/a American Standard Brands a/s/i Eljer Inc., Eljer Industries, Inc. and Eljer Plumbingware, Inc. (collectively, "Eljer") as a necessary defendant pursuant to Federal Rules of Civil Procedure 19(a) and 21 or, in the alternative, to file a Third-Party Complaint against Eljer pursuant to Rule 14(a). For the reasons that follow, the motion will be granted insofar as PPG is

granted leave to file a Third-Party Complaint against Eljer.

Facts

The Site is located in North Buffalo and Cadogan Townships in Armstrong County, Pennsylvania. It is bordered by Route 128 to the north, the Allegheny River to the south, Glade Run, a tributary of the Allegheny River, to the west and a feature that PPG terms the "Drainage Ditch" which flows southward and discharges into the Allegheny River to the east. (Revised Treatment Plan Report at 3.)[1] From 1949 until 1970, PPG used parts of the property to dispose of slurry waste and solid waste from its former glass manufacturing facility across the river in Ford City, Pennsylvania. (2009 Administrative Order at PADEP3.)[2]

Plaintiffs' two RCRA complaints describe four contiguous areas: 1) the three slurry lagoons in an area formerly used as a sandstone quarry in which PPG deposited slurry waste, the lagoons and surrounding area comprising an area of approximately 77 acres called the "slurry lagoon area" ("SLA"); 2) a landfill at the Site called the "solid waste disposal area" ("SWDA") in which PPG deposited waste beginning in the 1920s until 1967; 3) an area called the Eljer Landfill; and 4) the ballfield area. (ECF No. 90 ¶¶ 17-18; ECF No. 91 ¶¶ 19-20; Civ. A. No. 13-1396 ECF No. 1 ¶¶ 21, 25.)

Plaintiffs have described the Eljer Landfill Area as a landfill which lies to the east of the SWDA and which was owned, used and occupied by Eljer, Inc. from approximately 1988 through 2000 pursuant to a permit issued by Pennsylvania's Department of Environmental Resources (now the Pennsylvania Department of the Environmental Protection "PADEP") for the beneficial reuse of waste. (Civ. A. No. 13-1396, ECF No. 1 ¶¶ 21, 25; Civ. A. No. 12-342, ECF No. 91 ¶ 19.)

---

[1] ECF No. 207 Ex. 1.
[2] ECF No. 207 Ex. 3.

2

PPG indicates that Eljer Industries, Inc. and/or Eljer Plumbingware, Inc. disposed of waste in the Eljer Landfill Area from 1988 until 1998 from its manufacturing facility located in Ford City, Pennsylvania. (See ECF No. 201-2 at ¶ 2; ECF No. 216 Exs. 2, 3, 12), that the Eljer Landfill was closed in approximately 1998 by regrading and adding soil cover in accordance with a closure plan that the PADEP approved in 1988, and that the area is now owned by Ford City.

Plaintiffs state that Eljer deposited off-spec ceramic plumbing waste (i.e., toilets, sinks) from its Ford City manufacturing plant pursuant to a beneficial reuse permit issued by the PADEP. The intent of the project was to use the waste as fill material to level and stabilize a portion of the Site so that it could be used for the expansion of the ballfield area and community park. In 1998, Eljer notified PADEP that it would no longer deposit waste in the Eljer Landfill Area and that it planned to close the beneficial reuse area in accordance with the plan approved by PADEP. In 2000, PADEP notified Eljer that it had closed the beneficial reuse area to PADEP's satisfaction. (ECF No. 234 Ex. 1.) The Eljer waste was used as fill material on approximately 2½ acres. (ECF No. 234 Ex. 2.)

Plaintiffs state that, pursuant to Pennsylvania regulations, a final closure certification will not be issued unless the operator demonstrates that no further remedial action is required and that the facility is not causing adverse effects on the environment. 25 Pa. Code § 287.34(c)(3, 4). Thus, they argue that PADEP would not have issued the closure certification to Eljer if it found that the Eljer Landfill Area presented any further threat to the environment.

However, Plaintiffs have not mentioned that PADEP's letter to Eljer in 2000 stated that PADEP's "acceptance of your Closure Report does not constitute a waiver or release of liability for any past, present, or future contamination at the site." Thus, contrary to Plaintiffs' assertions,

3

PADEP has made no determination as to whether Eljer deposited waste in the Eljer Landfill Area that would subject it to liability under any environmental law.

PPG notes that Plaintiffs have alleged that the Eljer Landfill Area is part of the larger Site that they claim presents an imminent and substantial endangerment to human health and/or the environment under Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B), due to the alleged level of contaminants including arsenic, chromium, lead, manganese, copper, zinc, mercury, antimony, barium, beryllium, iron, vanadium, aluminum, total dissolved solids or salts, and semivolatile organic compounds. (See ECF No. 91, passim).

PPG contends that Eljer must give permission and/or consent to enter and disturb any portion of the soil cover of the Eljer Landfill Area as a result of its closure requirements with PADEP, including, but not limited to, giving permission and/or consent to perform investigative activities. Plaintiffs respond that, when PPG and Ford City made this claim in 2013, they contacted Eljer's counsel, who responded that Eljer has no interest in this property and thus was in no position to grant or deny access to it. (ECF No. 234 Ex. 5.) Plaintiffs forwarded this response to counsel for PPG and Ford City on July 16, 2013 (ECF No. 234 Ex. 6), and thus they contend that PPG was unquestionably aware, as of that date, that Eljer had no interest in the Site that would require anyone to obtain its permission to enter it.

PPG contends that it timely preserved the right to move to add Eljer as a defendant to this case through its affirmative defenses to the RCRA Complaints. Specifically, PPG asserted that "Plaintiffs have failed to join all necessary and/or indispensable parties needed for a just adjudication pursuant to Rule 19 of the Federal Rules of Civil Procedure." (ECF No. 94 ¶ 32; ECF. No. 111 ¶ 31).

PPG moves the Court to join Eljer as a necessary party because, it contends, Eljer is

responsible for any alleged contamination that Plaintiffs have claimed exists in the location Plaintiffs identified as the Eljer Landfill Area. PPG argues that the Court's determination that the Eljer Landfill, and the relief sought by the Plaintiffs related to the same under RCRA, should remain in the case warrant the addition of Eljer as a necessary defendant. PPG contends that, due to Eljer's interest in the Eljer Landfill and historical dumping activities in the Eljer Landfill Area, the Court cannot afford Plaintiffs the complete relief they apparently seek with respect to the Eljer Landfill Area, including not limited to investigatory activities and soil sampling, without Eljer being a named defendant.

Additionally, PPG argues that, absent Eljer's joinder, it will be subject to the substantial risk of incurring obligations it should not bear with regard to the Eljer Landfill Area because the waste material located therein was put there by Eljer. Alternatively, PPG contends that, if it is ordered to undertake any action, or incur any costs with regard to the property encompassed within the Eljer Landfill, then Eljer is liable over to PPG for contribution and indemnification for all or a portion of any damages and relief awarded to the Plaintiffs and against PPG relating to the Eljer Landfill. Thus, it requests leave to file a Third-Party Complaint under Federal Rule of Civil Procedure 14(a) naming Eljer as a Third-Party Defendant based on PPG's claims for contribution and indemnification.

Procedural History

On January 13, 2012, Plaintiffs gave notice of their intent to file suit to the Administrator of the Environmental Protection Agency (EPA), PADEP and Defendants as required by the CWA, CSL and RCRA. 33 U.S.C. § 1365(b)(1)(A); 35 P.S. § 691.601(e); 42 U.S.C. § 6972(b)(2)(A). (CWA Compl. ¶ 4 & Ex. 1; RCRA Compl. ¶ 4 & Ex. 1.) On March 20, 2012, Plaintiffs filed a complaint against PPG and Ford City under the CWA and the CSL (the "CWA

Complaint"). The case was docketed at Civ. A. No. 12-342. On April 20, 2012, Plaintiffs filed another complaint against PPG and Ford City under the RCRA (the "RCRA Complaint"). They allege that PPG is a generator and/or transporter of the solid or hazardous waste at the Site, as well as an owner and/or operator of the site, and has contributed to the past or present handling, storage, treatment, transportation, or disposal of the solid or hazardous waste at the Site, thereby presenting an imminent and substantial endangerment to health or the environment. This case was docketed at Civ. A. No. 12-527. On May 25, 2012, Plaintiffs filed a motion to consolidate the two cases (ECF No. 11). On May 29, 2012, an order was entered granting this motion and consolidating the cases at No. 12-342 (ECF No. 12).

On September 25, 2013, Plaintiffs filed a second CWA/CSL complaint (the Second CWA Complaint), including additional instances of alleged pollution and adding BPRI as a defendant. The case was docketed at No. 13-1395. On September 25, 2013, Plaintiffs also filed a second RCRA complaint ("Second RCRA Complaint"), which added BPRI as a defendant, and was docketed at No. 13-1396. On September 30, 2013, an order was entered consolidating the Second CWA Complaint and the Second RCRA Complaint at No. 12-342. Finally, on February 18, 2014, Plaintiffs filed a third CWA/CSL complaint against PPG, Ford City and BPRI, docketed at No. 14-229 ("Third CWA Complaint").

On February 28, 2013, PPG filed a motion to dismiss on various grounds, including dismissal of the Eljer Landfill Area (and the ballfields) from the scope of the complaints (ECF No. 24). Ford City filed a motion indicating it was joining in PPG's motion to dismiss (ECF No. 29). On August 8, 2013, a Memorandum Opinion and Order was entered, denying the motions (ECF No. 66).

On March 31, 2015, PPG filed a motion for partial summary judgment to remove from

the cases the Eljer Landfill Area and the ballfield area (ECF No. 208). On August 31, 2015, the Court issued a Memorandum Opinion and Order which denied PPG's motion for partial summary judgment, thus leaving the Eljer Landfill Area as part of the case.

Standard of Review for Joining a Party

Federal Rule of Civil Procedure 19 provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Rule 19(b) indicates that:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> (A) protective provisions in the judgment;
> (B) shaping the relief; or
> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). In addition, Rule 21 states that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Court of Appeals has held that: 1) the clauses in Rule 19(a) should be treated in the disjunctive, that is, if either condition is met, the absent party is "necessary"; 2) the first clause is concerned only with whether complete relief can be accorded among those already parties, not what effect the

7

decision may have on absent parties; 3) courts must first determine whether an absent party is "necessary" prior to determining whether the case must be dismissed because the party is "indispensable"; and 4) a defendant's right to contribution or indemnity from an absent party does not render that absent party indispensable. General Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312-19 (3d Cir. 2007).

As the moving party, PPG "bears the burden of showing why an absent party should be joined under Rule 19." Disabled in Action of Pa. v. Southeastern Pa. Transp. Auth., 635 F.3d 87, 97 (3d Cir. 2011).

Timing

Plaintiffs argue that PPG's motion to join Eljer is untimely. However, not only does Rule 19 not contain a time limit, but the note to the Rule states that: "A person may be added as a party at any stage of the action on motion or on the court's initiative ... and a motion to dismiss, on the ground that a person has not been joined and justice requires that the action should not proceed in his absence, may be made as late as the trial on the merits...." Advisory Committee's Notes on Fed.R.Civ.P. 19. Plaintiffs cite a subsequent sentence of the note about "when the moving party is seeking dismissal in order to protect himself against a later suit by an absent person … and is not seeking vicariously to protect the absent person against a prejudicial judgment … his undue delay in making the motion can properly be counted against him as a reason for denying the motion." Id. However, PPG is not seeking dismissal of this action; indeed, it is not contending that Eljer cannot be joined. Rather, it merely seeks to join Eljer and this portion of the note is irrelevant.

PPG argues that Plaintiffs never sought any discovery concerning the Eljer Landfill Area and thus it believed that this portion of the Site was not being litigated. But when PPG moved to

have the Eljer Landfill Area dismissed from the case, Plaintiffs opposed the motion and the Court found that the record did not demonstrate that no portion of the Eljer Landfill Area was free from waste products, either those that had been deposited there or that had migrated from other portions of the Site. Having fought to keep the Eljer Landfill Area in the case, Plaintiffs cannot now argue that PPG is solely responsible for the delay in raising the issue of whether Eljer is a necessary party to this action.

<u>Is Eljer a Necessary Party?</u>

Plaintiffs contend that neither subsection of Rule 19(a) is met: Rule 19(a)(1)(A) is not met because complete relief can be afforded to the parties already in the action; and Rule 19(a)(1)(B) is not met because Eljer claims no interest in the subject of the action and PPG has not shown that Eljer's absence would subject it to a substantial risk of incurring multiple or inconsistent obligations. PPG argues that complete relief cannot be afforded without Eljer's presence and that Eljer's absence would subject it to a substantial risk of incurring multiple obligations.

Plaintiffs contend that because the RCRA imposes joint and several liability, complete relief can be afforded to the parties already in the suit. PPG responds that, because Eljer deposited waste at the Site, its participation is needed for complete relief and for disturbing its approved closure of the area. It is noted that Plaintiffs' citations regrading RCRA liability are not to cases within the Third Circuit, <u>Maine People's Alliance and Natural Resources Defense Council v. Mallinckrodt, Inc.</u>, 471 F.3d 277, 298 (1st Cir. 2006); <u>Cox v. City of Dallas</u>, 256 F.3d 281, 301 n.37 (5th Cir. 2001). On the other hand, PPG's citation to <u>Whyham v. Piper Aircraft Corp.</u>, 96 F.R.D. 557, 560 (M.D. Pa. 1982), for the proposition that complete relief cannot be granted in Eljer's absence, is also questionable: "Since <u>Whyham</u>, however, the Third Circuit has

9

conclusively held that "[c]ompleteness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." Incubadora Mexicana, SA de CV v. Zoetis, Inc., 2015 WL 5522075, at *2 (E.D. Pa. Sept. 16, 2015) (quoting Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 705 (3d Cir. 1996)).

Nevertheless, it would appear that Plaintiffs can obtain complete relief from PPG, even if PPG is not solely responsible for environmental contamination at the Site. PPG has cited no authority that holds otherwise and the Whyham case upon which it relies is no longer good law. Moreover, Eljer has not claimed an interest relating to the subject of this action (therefore, the Court need not reach the question of whether proceeding without Eljer would subject PPG to multiple or inconsistent obligations). Thus, PPG has failed to demonstrate that Eljer is a "necessary" party, as that term is understood for purposes of Rule 19(a), and, to this extent, PPG's motion will be denied.

Standard for Third-Party Joinder

Rule 14 of the Federal Rules of Civil Procedure provides that:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving the original answer.

Fed. R. Civ. P. 14(a)(1).

Plaintiffs cite Kephart v. ABB, Inc., 2014 WL 1452020 (W.D. Pa. Apr. 14, 2014), for the following list of factors courts consider when deciding whether to allow a third-party complaint to be filed:

> (1) the timeliness of the motion; (2) whether joinder will introduce an unrelated controversy; (3) the potential for complication of issues at trial; (4) whether the third-party complaint would avoid multiple litigation and settle related matters in one suit; (5) whether the evidence, witnesses, and legal issues will be substantially

> the same in the defendant's third-party action and plaintiff's action; (6) the
> likelihood and extent of delay in the trial; (7) the merit of the third-party
> complaint (i.e. whether the joinder would foster an obviously unmeritorious
> claim); and (8) the possible prejudice to the plaintiff.

Id. at *10. However, the court also stated that "the court is bound by the allegations in the pleadings." Id. Contrary to this point, Plaintiffs have submitted correspondence between the PADEP and Eljer to demonstrate that Eljer only used the Eljer Landfill Area to deposit "fill material" with PADEP's approval and that therefore Eljer could not owe any liability to PPG for environmental contamination at the Site. (ECF No. 234 Exs.1, 2.) Essentially, Plaintiffs seek to preclude PPG from bringing Eljer into the case because they contend that Eljer will not have any liability for depositing waste at the Site. But that defense must be made by Eljer, not by Plaintiffs, and not on this record.

In addition, Plaintiffs have neglected to mention that the court in Kephart granted the motion to allow a third-party complaint despite the passage of two years since the answer was filed. Moreover, as explained above, the delay in this case is due, at least in part, to Plaintiffs' litigation strategy of fighting to keep the Eljer Landfill Area as part of the Site, but not engaging in any discovery with respect to it.

Therefore, PPG will be permitted to file a third-party complaint against Eljer.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNENVIRONMENT and SIERRA CLUB, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 12-342 |
| | ) | Member Cases: 12-527, 13-1395, |
| PPG INDUSTRIES, INC., BOROUGH OF FORD | ) | 13-1396, 14-229 |
| CITY, and BUFFALO & PITTSBURGH | ) | |
| RAILROAD, INC., | ) | |
| Defendants. | ) | |

ORDER

AND NOW, this 19th day of November, 2015, for the reasons provided in the Memorandum Opinion,

IT IS HEREBY ORDERED that Defendant PPG Industries, Inc.'s Motion to Join Eljer pursuant to Rules 19(a) and 21, or in the alternative, for leave to file a Third-Party Complaint against Eljer pursuant to Rule 14(a) (ECF No. 230) is granted insofar as PPG is granted leave to file a Third-Party Complaint against Eljer pursuant to Rule 14(a), and denied in all other respects.

              s/Robert C. Mitchell\
              ROBERT C. MITCHELL\
              United States Magistrate Judge