IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNENVIRONMENT and SIERRA CLUB,<br>    Plaintiffs,<br><br>  vs.<br><br>PPG INDUSTRIES, INC., BOROUGH OF FORD<br>CITY, and BUFFALO & PITTSBURGH<br>RAILROAD, INC.,<br>    Defendants. | Civil Action No. 12-342<br>Member Cases: 12-527, 13-1395,<br>13-1396, 14-229 |

MEMORANDUM OPINION AND ORDER

Plaintiffs, PennEnvironment and Sierra Club, bring these citizen suits pursuant to section 505 of the Federal Water Pollution Control Act, 33 U.S.C. § 1365(a)(1) (Clean Water Act or CWA), section 7002(a)(1)(B) of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1)(B) (RCRA), and section 601(c) of the Pennsylvania Clean Streams Law, 35 P.S. § 691.601(c) (CSL), against Defendants, PPG Industries, Inc. (PPG), the Borough of Ford City (Ford City), and Buffalo & Pittsburgh Railroad, Inc. (BPRI), to remedy the alleged imminent and substantial endangerment to health and the environment presented by contamination of a site in Armstrong County, Pennsylvania used and operated by PPG (the "Site"), contamination of surface waters and sediments in the Allegheny River and Glade Run in the vicinity of the Site, and contamination of groundwater associated with the Site.

Presently pending before the Court is a motion filed by Plaintiffs for the Court to reconsider the November 19, 2015 order which granted PPG's motion to file a Third-Party Complaint against A&S America, Inc., d/b/a American Standard Brands a/s/i Eljer Inc., Eljer Industries, Inc. and Eljer Plumbingware, Inc. (collectively, "Eljer") pursuant to Rule 14(a). For the reasons that follow, the motion will be denied.

Facts

The Site is located in North Buffalo and Cadogan Townships in Armstrong County, Pennsylvania. It is bordered by Route 128 to the north, the Allegheny River to the south, Glade Run, a tributary of the Allegheny River, to the west and a feature that PPG terms the "Drainage Ditch" which flows southward and discharges into the Allegheny River to the east. (Revised Treatment Plan Report at 3.)[1] From 1949 until 1970, PPG used parts of the property to dispose of slurry waste and solid waste from its former glass manufacturing facility across the river in Ford City, Pennsylvania. (2009 Administrative Order at PADEP3.)[2]

Plaintiffs' two RCRA complaints describe four contiguous areas: 1) the three slurry lagoons in an area formerly used as a sandstone quarry in which PPG deposited slurry waste, the lagoons and surrounding area comprising an area of approximately 77 acres called the "slurry lagoon area" ("SLA"); 2) a landfill at the Site called the "solid waste disposal area" ("SWDA") in which PPG deposited waste beginning in the 1920s until 1967; 3) an area called the Eljer Landfill; and 4) the ballfield area. (ECF No. 90 ¶¶ 17-18; ECF No. 91 ¶¶ 19-20; Civ. A. No. 13-1396 ECF No. 1 ¶¶ 21, 25.)

Plaintiffs have described the Eljer Landfill Area as a landfill which lies to the east of the SWDA and which was used and occupied by Eljer, Inc. from approximately 1988 through 2000 pursuant to a permit issued by Pennsylvania's Department of Environmental Resources (now the Pennsylvania Department of the Environmental Protection "PADEP") for the beneficial reuse of waste. (Civ. A. No. 13-1396, ECF No. 1 ¶¶ 21, 25; Civ. A. No. 12-342, ECF No. 91 ¶ 19.)[3]

PPG indicates that Eljer Industries, Inc. and/or Eljer Plumbingware, Inc. disposed of

---

[1] ECF No. 207 Ex. 1.
[2] ECF No. 207 Ex. 3.
[3] In the order, the Court mistakenly indicated that Plaintiffs described this area as having been owned by Eljer. The land was owned by PPG and then donated to Ford City.

2

waste in the Eljer Landfill Area from 1988 until 1998 from its manufacturing facility located in Ford City, Pennsylvania. (See ECF No. 201-2 at ¶ 2; ECF No. 216 Exs. 2, 3, 12), that the Eljer Landfill was closed in approximately 1998 by regrading and adding soil cover in accordance with a closure plan that the PADEP approved in 1988, and that the area is now owned by Ford City.

Plaintiffs state that Eljer deposited off-spec ceramic plumbing waste (i.e., toilets, sinks) from its Ford City manufacturing plant pursuant to a beneficial reuse permit issued by the PADEP. The intent of the project was to use the waste as fill material to level and stabilize a portion of the Site so that it could be used for the expansion of the ballfield area and community park. In 1998, Eljer notified PADEP that it would no longer deposit waste in the Eljer Landfill Area and that it planned to close the beneficial reuse area in accordance with the plan approved by PADEP. In 2000, PADEP notified Eljer that it had closed the beneficial reuse area to PADEP's satisfaction. (ECF No. 234 Ex. 1.) The Eljer waste was used as fill material on approximately 2½ acres. (ECF No. 234 Ex. 2.)

Plaintiffs state that, pursuant to Pennsylvania regulations, a final closure certification will not be issued unless the operator demonstrates that no further remedial action is required and that the facility is not causing adverse effects on the environment. 25 Pa. Code § 287.34(c)(3, 4). However, PADEP's letter to Eljer in 2000 stated that PADEP's "acceptance of your Closure Report does not constitute a waiver or release of liability for any past, present, or future contamination at the site."

PPG notes that Plaintiffs have alleged that the Eljer Landfill Area is part of the larger Site that they claim presents an imminent and substantial endangerment to human health and/or the environment under Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B), due to the

alleged level of contaminants including arsenic, chromium, lead, manganese, copper, zinc, mercury, antimony, barium, beryllium, iron, vanadium, aluminum, total dissolved solids or salts, and semivolatile organic compounds. (See ECF No. 91, passim).

PPG contends that Eljer must give permission and/or consent to enter and disturb any portion of the soil cover of the Eljer Landfill Area as a result of its closure requirements with PADEP, including, but not limited to, giving permission and/or consent to perform investigative activities. Plaintiffs respond that, when PPG and Ford City made this claim in 2013, they contacted Eljer's counsel, who responded that Eljer has no interest in this property and thus was in no position to grant or deny access to it. (ECF No. 234 Ex. 5.) Plaintiffs forwarded this response to counsel for PPG and Ford City on July 16, 2013 (ECF No. 234 Ex. 6), and thus they contend that PPG was unquestionably aware, as of that date, that Eljer had no interest in the Site that would require anyone to obtain its permission to enter it.

PPG contended that, if it was ordered to undertake any action, or incur any costs with regard to the property encompassed within the Eljer Landfill, then Eljer is liable over to PPG for contribution and indemnification for all or a portion of any damages and relief awarded to the Plaintiffs and against PPG relating to the Eljer Landfill. Thus, it requested leave to file a Third-Party Complaint under Federal Rule of Civil Procedure 14(a) naming Eljer as a Third-Party Defendant based on PPG's claims for contribution and indemnification.

Relevant Procedural History

On February 28, 2013, PPG filed a motion to dismiss on various grounds, including dismissal of the Eljer Landfill Area (and the ballfields) from the scope of the complaints (ECF No. 24). Ford City filed a motion indicating it was joining in PPG's motion to dismiss (ECF No. 29). On August 8, 2013, a Memorandum Opinion and Order was entered, denying the motions

(ECF No. 66).

On March 31, 2015, PPG filed a motion for partial summary judgment to remove from the cases the Eljer Landfill Area and the ballfield area (ECF No. 208). On August 31, 2015, the Court issued a Memorandum Opinion and Order which denied PPG's motion for partial summary judgment, thus leaving the Eljer Landfill Area as part of the case.

On October 14, 2015, PPG filed a motion to join Eljer as a necessary party under Rule 19 or to implead it as a third-party defendant under Rule 14(a) (ECF No. 230). On October 30, 2015, Plaintiffs filed a brief in opposition (ECF No. 234) and on November 13, 2015, PPG filed a reply brief (ECF No. 235). On November 19, 2015, an order was entered (ECF No. 236), granting PPG's motion insofar as it sought leave to add Eljer as a Third-Party Defendant. PPG filed its Third-Party Complaint against Eljer on December 3, 2015 (ECF No. 240).

Plaintiffs filed a motion for reconsideration on December 11, 2015 (ECF No. 244). PPG filed a brief in opposition on January 11, 2016 (ECF No. 250) and Plaintiffs filed a reply brief on January 15, 2016 (ECF No. 251).

Standard of Review

The Court of Appeals has stated that:

> "The purpose of a motion for reconsideration," we have held, "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already

thought through rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). In this case, Plaintiffs cite no intervening change in the law or availability of new evidence, so their motion raises only a claim that the Court committed a "clear error of law or fact."

In their motion, Plaintiffs argued that: 1) PPG's Third-Party Complaint against Eljer would have to be dismissed for failure to provide pre-suit notice of a RCRA claim; 2) the Court misunderstood their argument in that Eljer is not contributing to imminent and substantial endangerment of the environment and PPG can always seek contribution from Eljer later; 3) PPG misled the Court by stating that no discovery has been conducted on the Eljer Landfill Area; 4) impleading Eljer would delay matters in this case as Eljer would need time to catch up, which would subject the environment to further harm in the meanwhile; and 5) in the alternative, the Court should bifurcate the proceedings by separating the RCRA claims relating to the SWDA from the others and expedite the schedule for Eljer's participation.

In response, PPG noted that: 1) it is not raising a RCRA claim against Eljer, only state law claims for contribution and indemnity, so pre-suit notice was not required and Plaintiffs have no standing to submit arguments on Eljer's behalf; 2) reconsideration is a difficult standard to meet and Plaintiffs have failed to do so; and 3) Plaintiffs cite improper factors concerning bifurcation and fail to meet them.

In their reply brief, Plaintiffs have withdrawn the motion to bifurcate and their first argument about pre-suit notice given that the Third-Party Complaint does not contain a RCRA claim. However, they maintain that PPG's statement about "no discovery" having taken place concerning the Eljer Landfill Area has led to Eljer's unnecessary impleader.

Plaintiffs contend that PPG misrepresented that they had conducted no discovery with

respect to the Eljer Landfill Area, which led the Court to believe that Plaintiffs bore part of the responsibility for the delay in impleading Eljer, whereas the fact was that discovery has been conducted with respect to this area. In its response brief, PPG indicates that Plaintiffs conducted limited discovery related to the Eljer Landfill Area, but no discovery on the area itself (ECF No. 250 at 6.) Plaintiffs argue that, since the Court's decision was based upon a fact that PPG now concedes was incorrect, reconsideration is appropriate. However, the Court understood the parties' positions, even without this factual clarification.

Plaintiffs cite Kephart v. ABB, Inc., 2014 WL 1452020 (W.D. Pa. Apr. 14, 2014), for the following list of factors courts consider when deciding whether to allow a third-party complaint to be filed:

> (1) the timeliness of the motion; (2) whether joinder will introduce an unrelated controversy; (3) the potential for complication of issues at trial; (4) whether the third-party complaint would avoid multiple litigation and settle related matters in one suit; (5) whether the evidence, witnesses, and legal issues will be substantially the same in the defendant's third-party action and plaintiff's action; (6) the likelihood and extent of delay in the trial; (7) the merit of the third-party complaint (i.e. whether the joinder would foster an obviously unmeritorious claim); and (8) the possible prejudice to the plaintiff.

Id. at *10. PPG notes that the Kephart court allowed a third-party complaint despite the passage of two years since the complaint was filed and comments that this Court "correctly considered that the timeliness of the motion is only one of eight factors in determining whether to allow a third-party complaint to be filed." (ECF No. 250 at 5.) However, as Plaintiffs observe, "none of the other factors were identified by the Court as a basis for the November 19 Order." (ECF No. 251 at 3.) Nevertheless, Plaintiffs do not discuss the other factors either. It does not appear from the pleadings that the Third-Party Complaint would introduce an unrelated controversy or complicate issues at trial, and on the other hand it could avoid multiple litigation over the Site and settle related matters in one suit. Plaintiffs argue that there is no merit to the Third-Party

7

Complaint, but it cannot be said that the claims against Eljer are "obviously unmeritorious." Whether the evidence, witnesses, and legal issues will be substantially the same in PPG's third-party action and Plaintiffs' action is unknown. Adding Eljer introduces an unavoidable delay to the case, but no trial date has been set and the extent of the delay is unknown.

In summary, most of the factors weigh in favor of allowing the impleader of Eljer. Moreover, Plaintiffs have not demonstrated that the Court's November 19, 2015 order committed a "clear error of law or fact." Therefore, Plaintiffs' motion for reconsideration will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNENVIRONMENT and SIERRA CLUB,<br>　　　　　Plaintiffs,<br><br>　vs.<br><br>PPG INDUSTRIES, INC., BOROUGH OF FORD<br>CITY, and BUFFALO & PITTSBURGH<br>RAILROAD, INC.,<br>　　　　　Defendants. | Civil Action No. 12-342<br>Member Cases: 12-527, 13-1395,<br>13-1396, 14-229 |

## ORDER

AND NOW, this 25th day of February, 2016, for the reasons provided in the Memorandum Opinion,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration of the Court's November 19, 2015 Order (ECF No. 244) is denied.

　　　　　　　　　　　　　　　s/Robert C. Mitchell_____
　　　　　　　　　　　　　　　ROBERT C. MITCHELL
　　　　　　　　　　　　　　　United States Magistrate Judge