IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNENVIRONMENT and SIERRA CLUB,<br>    Plaintiffs,<br><br> vs.<br><br>PPG INDUSTRIES, INC., BOROUGH OF FORD CITY, and BUFFALO & PITTSBURGH RAILROAD, INC.,<br>    Defendants,<br><br>PPG INDUSTRIES, INC.,<br>    Third-Party Plaintiff,<br> vs.<br><br>AS AMERICA, INC. d/b/a AMERICAN STANDARD BRANDS a/s/i TO ELJER, INC., ELJER PLUMBINGWARE, INC., ELJER INDUSTRIES, INC., and ELJER HOLDING CORP.,<br>    Third-Party Defendant. | Civil Action No. 12-342<br>Member Cases: 12-527, 13-1395, 13-1396, 14-229 |

MEMORANDUM OPINION AND ORDER

Presently before the Court is a motion (ECF No. 277), filed by the Third-Party Defendant, AS America, Inc. d/b/a American Standard Brands a/s/i to Eljer, Inc., Eljer Plumbingware, Inc, Eljer Industries, Inc. and Eljer Holding Corp. ("AS America"), to stay and try separately the claims asserted against it by the Third-Party Plaintiff, PPG Industries, Inc. ("PPG"). PPG, along with nominal defendants the Borough of Ford City (Ford City), and Buffalo & Pittsburgh Railroad, Inc. (BPRI), have been named by Plaintiffs, PennEnvironment and Sierra Club, in citizen suits pursuant to section 505 of the Federal Water Pollution Control Act, 33 U.S.C. § 1365(a)(1) (Clean Water Act or CWA), section 7002(a)(1)(B) of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1)(B) (RCRA), and section 601(c) of the Pennsylvania Clean Streams Law, 35 P.S. § 691.601(c) (CSL), to remedy the alleged imminent

and substantial endangerment to health and the environment presented by contamination of a site in Armstrong County, Pennsylvania used and operated by PPG (the "Site"), contamination of surface waters and sediments in the Allegheny River and Glade Run in the vicinity of the Site, and contamination of groundwater associated with the Site.

PPG filed a Third-Party Complaint against AS America, seeking contribution and/or indemnity under Pennsylvania law and specific provisions of the Hazardous Sites Cleanup Act, 35 P.S. §§ 6020.101 to 6020.1305 (HSCA), regarding any liability that PPG is responsible for relating to a portion of the Site called the Eljer Landfill. AS America's liability is premised on its being a successor to various entities which deposited off-spec ceramic plumbing waste (i.e., toilets, sinks) from a Ford City manufacturing plant in the Eljer Landfill from 1988 to 1998 pursuant to a beneficial reuse permit issued by the Pennsylvania's Department of Environmental Resources (now the Pennsylvania Department of the Environmental Protection, "PADEP").

AS America filed a motion to dismiss the Third-Party Complaint, which was granted in part and denied in part by Order dated June 9, 2016 (ECF No. 264). The remaining third-party claims are Count I (common law contribution) and Count III (contribution under HSCA section 705). AS America filed an answer to the Third-Party Complaint (ECF No. 265), in which it denied that it is the successor in interest to Eljer Plumbingware, Inc. (now known as OEP, Inc.), which disposed of waste in the Eljer Landfill or to Eljer Industries, Inc. (now known as OEI, Inc.), its corporate parent. AS America now seeks to have the resolution of the third-party claims stayed and tried separately from the claims asserted against PPG. For the reasons that follow, the motion will be denied.

Standard of Review

Rule 42 of the Federal Rules of Civil Procedure provides that:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). Rule 14, which governs Third-Party practice, provides that:

> Any party may move to strike the third-party claim, to sever it, or to try it separately.

Fed. R. Civ. P. 14(a)(4). As described by one district court:

> The decision to sever a claim is addressed to the discretion of the trial court. Banks v. Travelers Ins. Co., 60 F.R.D. 158, 163 (E.D. Pa. 1973). Separate trials are generally denied if the matters to be tried separately are related or involve the same evidence. 5 Moore's Federal Practice, ¶ 42.03[1]; Wilemijn Houdstermaatshapj BV v. Apollo Computer, Inc., 707 F. Supp. 1429, 1433 (D. Del. 1989). A court may sever claims or issues if such a severance would be in furtherance of convenience, would avoid prejudice or would be conducive to expedition and economy. Max Daetwyler Corp. v. Input Graphics, Inc., 608 F. Supp. 1549, 1556 (E.D. Pa. 1985).

Circuit City Stores, Inc. v. Citgo Petroleum Corp., 1994 WL 483463, at *5 (E.D. Pa. Sept. 7, 1994). Holding separate trials is "the exception, not the rule, in civil cases." Ductmate Industries, Inc. v. Famous Distribution, Inc., 2014 WL 4104810, at *6 (W.D. Pa. Aug. 19, 2014). See also Corrigan v. Methodist Hosp., 160 F.R.D. 55, 56 (E.D. Pa. 1995) ("Courts order separate trials only when 'clearly necessary.'") "The movant has the burden to show prejudice." Id.

AS America argues that the Eljer Landfill is a very small part of the Site (1.6% of the total area) and that whether AS America can be held liable for waste deposited in the Eljer Landfill depends upon multiple contingencies: 1) whether PPG disposed of waste in the Eljer Landfill or whether PPG waste deposited elsewhere migrated to the Eljer Landfill; 2) whether PPG waste represents an imminent and substantial endangerment to health or the environment; 3) whether a remedy is necessary; and 4) whether AS America is the successor to the Eljer entities which deposited waste in the Eljer Landfill, the determination of which is complicated

3

both factually and legally. AS America contends that it would be subjected to undue burden and expense if: a) it is required to participate in expensive discovery, expert analysis and discovery, summary judgment proceedings and pretrial proceedings before the multiple contingencies have occurred; and b) it is required to participate in a lengthy and expensive trial at which the Eljer Landfill would be a minute part of a complex proceeding. Plaintiffs have responded in support of AS America's motion, arguing that it would "ensure that the litigation of [their] claims concerning the environmental endangerment presented by PPG's waste are not delayed by secondary questions" and that it would make sure that they "are not burdened with trial issues regarding successor liability." (ECF No. 283 at 2-3.)

PPG responds that AS America has not met its burden of demonstrating that separate trials are "clearly necessary," that judicial economy would be promoted and that no party would be prejudiced by separate trials. PPG cites the Circuit City case as presenting a very similar situation. In that case, Circuit City sued a number of oil companies under RCRA arising out of contamination of property formerly operated as a gasoline station. Circuit City also sued Kutner Buick, alleging that it owned and/or operated various underground storage tanks at the site. Kutner Buick in turn sued Mobil Oil Corp., alleging that soil and groundwater contamination at Mobil's gas station was migrating to the site and causing soil and groundwater contamination. Mobil moved to sever and stay the third-party claims, arguing that it would be prejudiced by insufficient time for discovery, that severance would be efficient because if Kutner Buick was successful in its counterclaims, the issue of Mobil's contribution would be moot and that jury confusion would result from combining the case involving contract and fraud issues between Kutner Buick and Circuit City with the case against Mobil involving environmental issues. The court denied Mobil's motion:

> I find that severance is not warranted under these facts. The issue confronting the Court, and all parties to this litigation, involves resolution of the problem of where the contamination at the Site originated and who is required to assume responsibility for paying for remediation of the Site. The potential prejudice to Mobil of having insufficient time for discovery if severance is not granted may be cured by extending the discovery period. There would be prejudice to Kutner Buick. If the third-party complaint is severed, Kutner Buick will be required to incur the expense of preparing for two trials involving similar facts and evidence. The interests of judicial economy are served by including all parties with potential liability for remediating the Site in one action. Finally, the combination of contract, fraud and environmental issues is not so complex that a jury would be overly confused.

Circuit City, 1994 WL 483463, at *5.

AS America argues that Circuit City is distinguishable from this case because of the size of the parcels involved, the contingencies that arise in this case and the distinct successor liability issue. These are minor distinctions, however, and Circuit City appears to be directly on point, as opposed to the cases cited by AS America, as discussed below.

AS America argues that where distinct issues are involved, courts have provided for separate trials. It cites Karlo v. Pittsburgh Glass Works, LLC, 2015 WL 6134052 (W.D. Pa. Oct. 16, 2015). In that case, Judge McVerry granted a motion to sever and try separately the claims of two individual plaintiffs (Karlo and McLure) asserting claims of retaliation discrimination. The court noted that the claims of the two individuals involved mostly different witnesses, although there were five common witnesses.

> Nevertheless, Plaintiffs' respective claims are factually distinct. As the parties, counsel, and the Court are well-aware, the remaining claims stem from positions that Karlo and McLure were engaged/employed at, respectively, PGW's Creighton Manufacturing Plant and its Glass Research Center in Harmarville, after they had each rejoined PGW under separate and unique circumstances. At these two locations, Karlo and McLure worked in separate business units, interacted with different individuals, decision-makers and human resources personnel, and were terminated months apart—all of which the Court has previously detailed at some length. The differences extend further: their work history, qualifications, performance levels, and claims for damages are also highly individualized. The evidence common to each of these Plaintiffs would thus be

5

> quite limited.
>
> Presenting these individual claims to a single jury in a one trial is also likely to confuse the factfinders. For instance, a jury may improperly consider evidence related to one Plaintiff, but not the other, "presenting the jury with the 'hopeless task of trying to discern who did and said what to whom and for what reason.'" Bailey v. N. Trust Co., 196 F.R.D. 513, 518 (N.D. Ill. 2000) (quoting Moorhouse v. Boeing Co., 501 F. Supp. 390, 392 (E.D. Pa. 1980)). Moreover, "[t]he jury may simply resolve the confusion by considering all the evidence to pertain to all the plaintiffs' claims, even when it is relevant to only one plaintiff's case." Id. In addition, there is some danger that "one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus prejudicing defendant with respect to the other plaintiffs' claims." Id.; see also Disparte v. Corporate Executive Bd., 223 F.R.D. 7, 15 (D.D.C. 2004) (noting that "different supervisors and job functions among the plaintiffs are factors recognized as potential sources of prejudice."). As such, the need to focus the factfinder's attention on the merits of each Plaintiff's claim weighs against proceeding with both Plaintiffs in a single trial.

Id. at *2-3 (internal citations omitted). This case is distinguishable from Karlo on several grounds: it does not involve claims with different witnesses and AS America cites no danger of confusion to the jury. PPG argues that both Plaintiffs' claim with respect to the Eljer Landfill and PPG's third-party claims both seek relief arising out of the same issues, namely whether any waste at the Site (including the Eljer Landfill) presents an imminent and substantial endangerment to health and/or the environment and, if so, what remedy is necessary for remediation and who is responsible for paying for the investigation and remediation of the Site. PPG notes that there is substantial overlap in the issues, facts, evidence and witnesses involved.

AS America also cites three other cases, all of which are distinguishable. Ductmate Industries, Inc. v. Famous Distribution, Inc., 2014 WL 4104810, at *7 (W.D. Pa. Aug. 19, 2014), was a patent case in which the court found that the issues of infringement and inequitable conduct were "readily separable." In United States v. Kramer, 770 F. Supp. 954, 957-59 (D.N.J. 1991), the United States and New Jersey sued

over 50 defendants in CERCLA action, who impleaded hundreds of third-party defendants who moved to sever the claims. The court held that, in the unique circumstances of the case, severance would promote CERCLA's purposes of ensuring prompt and efficient cleanup of hazardous waste sites and promoting settlement. Finally, in A.G. Cullen Construction, Inc. v. Travelers Casualty & Surety Co. of America, 2009 WL 3634084 (W.D. Pa. Oct. 30, 2009), Judge Fischer ordered that Travelers' contractual indemnity counterclaims would be tried separately after trial on plaintiffs' claims of abuse of process and malicious use of civil proceedings because combining the trials would complicate and delay the progress of plaintiffs' tort claims, while Travelers's claims were already pending in a previously filed case and they involved complex issues of state contractual law and the amount of discovery would outweigh what was required for the plaintiffs' tort claims. That scenario bears no resemblance to PPG's third-party claims for contribution against AS America for waste deposited at the Eljer Landfill, a subset of the Site and, as PPG contends, would likely involve many of the same witnesses, experts and much of the same documentary evidence.

In a reply brief, AS America argues that PPG has not addressed the separate and distinct successor liability issues present in this case and the multiple contingencies that would have to occur before the third-party claims are ripe for decision. AS America contends that predecessors by merger to AS America purchased certain assets of Eljer Plumbingware, Inc. in 2005 through a series of complex transactions involving multiple corporate entities and that there have been multiple, additional corporate structure changes since that time. However, AS America has omitted the fact that the Court has already scheduled briefing on a motion for summary judgment relating to the successor

7

liability issue. See ECF No. 279. Moreover, AS America bears the burden of demonstrating that separate trials are appropriate and that PPG will not be prejudiced by having to engage in separate trials, a burden that it has not met.

PPG also argues that granting AS America a stay while denying its motion for separate trials would mean that AS America would not be ready for the trial of this case as the parties have outlined in their proposed schedule. AS America has not addressed this issue in its reply brief. It may be that AS America is seeking a stay only in conjunction with its motion to have separate trials. Indeed, given that AS America intends to file a motion for summary judgment on the successor liability issue, a stay would delay resolution of that issue. In any event, the Court concludes that a stay of discovery is not warranted.[1]

AND NOW, this 23rd day of January, 2017,

IT IS HEREBY ORDERED that the Motion to Stay and Try Separately the Third-Party Claims filed by Third-Party Defendant, AS America, Inc. d/b/a American Standard Brands a/s/i to Eljer, Inc., Eljer Plumbingware, Inc, Eljer Industries, Inc. and Eljer Holding Corp. (ECF No. 277) is denied.

s/Robert C. Mitchell  
ROBERT C. MITCHELL  
United States Magistrate Judge

---

[1] It is noted that the Third-Party Complaint was filed on December 3, 2015 (ECF No. 240), that discovery is ongoing and ends on March 17, 2017 and that the trial in this case is not expected to begin before April 2018 (ECF No. 282). Thus, there is adequate time for AS America to prepare for trial on all of the issues in this case.