IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNENVIRONMENT and SIERRA CLUB, ) | | |
| Plaintiffs, ) | | |
| ) | | |
| vs ) | Civil Action No. 12-342 | |
| ) | | |
| PPG INDUSTRIES, INC., BOROUGH OF FORD ) | | |
| CITY, and BUFFALO & PITTSBURGH ) | | |
| RAILROAD, INC., ) | | |
| Defendants. ) | | |

## MEMORANDUM ORDER

On October 31, 2018, Defendant PPG Industries, Inc. (PPG) filed a Motion for a Determination that Injunctive Relief Under RCRA is Futile as a Matter of Law (ECF No. 391). On December 7, 2018, Plaintiffs filed a brief in opposition to the motion (ECF No. 395) and on December 14, 2018, PPG filed a reply brief (ECF No. 396).

On January 18, 2019, the Court entered an order (ECF No. 397) setting a hearing on PPG's motion to take place on April 9 and April 10, 2019. The order stated that each side shall call an expert witness and is limited to 4 hours of testimony and/or argument.

On February 11, 2019, Plaintiffs filed a Motion for Clarification and Modification of the January 18, 2019 Order Setting Hearing on Motion (ECF No. 398). In this motion, Plaintiffs request that the Court clarify the scope of the issues to be presented at the hearing and the procedures. They further request either that the Court postpone the hearing until after PPG has filed a mootness motion or that the Court schedule more time for the hearing in order to provide sufficient time for Plaintiffs to present the liability and relief claims under RCRA that they have not yet presented to the Court in conjunction with their showing regarding the deficiencies and ineffectiveness of the state-approved remedial scheme and for the parties to fully address all other issues on which the Court expects legal argument and expert testimony. Finally, they

request clarification that the parties are not limited to a single expert and that each party may present testimony from any and all experts identified in the party's amended pretrial statement.

On February 13, 2019, PPG filed a brief in opposition to Plaintiff's motion (ECF No. 399). PPG has no objection to Plaintiffs' request to be able to call multiple witnesses at the hearing. In all other respects, PPG opposes Plaintiffs' motion. It contends that: the hearing is intended to resolve the single issue of whether injunctive relief under RCRA is futile as a matter of law due to PADEP's approval of a Comprehensive Site-Wide Remedy for the Site, including whether the relief Plaintiffs seek is encompassed by or conflicts with this remedy and/or has been considered and rejected by PADEP; and Plaintiffs are attempting to abrogate the Court's order by expanding the hearing into a two-week trial on the merits of the case.

In a reply brief filed on February 14, 2019 (ECF No. 400), Plaintiffs contend that: 1) PPG presented a motion as a matter of law, so it cannot now contend that factual findings will relevant to the Court's determination; 2) PPG does not address the fact that the case it cites was decided after all liability issues on RCRA claims for which the plaintiff was seeking a mandatory injunction had been granted, unlike this case, in which a number of liability issues remain unresolved and Plaintiffs have not presented their injunctive relief request to the Court at all; and 3) PPG did not rely on the anticipated Consent Order and Agreement in arguing that Plaintiffs' claims for injunctive relief were futile and the filing of this Consent Order will likely raise legal issues of mootness and liability under other statutes that are not presently pending in PPG's motion and it would be wasteful to hold this evidentiary hearing and then hold another hearing on PPG's anticipated mootness motion.

Plaintiffs are correct that the case law does not support PPG's argument that the RCRA requests for injunctive relief can be deemed futile as a matter of law based solely PADEP's

approval of the PPG's Comprehensive Site-Wide Remedy, particularly in the absence of a consent order which actually obligates PPG to perform the proposed remediation. Interfaith Cmty. Org. v. Honeywell Int'l Inc., 399 F.3d 248, 267 (3d Cir. 2005). On the other hand, the mere fact that a plaintiff expresses generalized dissatisfaction with a remedial scheme cannot be enough to conclude that further injunctive relief is "necessary" under RCRA. See Center for Biological Diversity, Inc. v. BP Am. Prod. Co., 704 F.3d 413, 431 (5th Cir. 2013) (plaintiff admitted that cleanup efforts were ongoing and identified no deficiency in them); 87th Street Owners Corp. v. Carnegie Hill-87th Street Corp., 251 F. Supp. 2d 1215, 1219 (S.D.N.Y. 2002) (the plaintiff was "unable to describe a single action that defendant could be ordered to take to reduce or eliminate any risk its past actions may have caused, that is not already being undertaken by [the state agency]" and the court observed that, if at some future time the plaintiff could identify specific additional measures that could be undertaken, it could bring suit at that time, id. at 1221).

However, the case law does support the approach that this Court has taken, namely having a hearing with expert testimony and other evidence to determine whether any further RCRA injunctive relief will be "necessary" in light of PADEP's approval of PPG's Comprehensive Site-Wide Remedy and the Consent Order and Agreement. See LAJIM, LLC v. Gen. Elec. Co., 2017 WL 3922139, at *3 (N.D. Ill. Sep. 7, 2017), appeal filed, (7th Cir. Mar. 7, 2018). Plaintiffs contend that LAJIM is distinguishable because, in that case, the court had granted summary judgment as to all RCRA claims for injunctive relief, whereas in this case, a number of liability issues remain unaddressed. However, the court never makes this distinction. In fact, the court postponed resolving many issues in order to allow the state agency to review and approve of the defendant's remedy and the court sought the input of the state agency at a

hearing to determine whether further injunctive relief was "necessary" under RCRA. So too here.

AND NOW, this 14th day of February, 2019,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Clarification and Modification of the January 18, 2019 Order Setting Hearing on Motion (ECF No. 398) is granted in that the restriction on how counsel may elect to utilize the four hours allotted to each side is removed and counsel is free to utilize its time in any manner it deems best, and the motion is denied in all other respects.

s/Robert C. Mitchell_____  
ROBERT C. MITCHELL  
United States Magistrate Judge