IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNENVIRONMENT and SIERRA CLUB, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> PPG INDUSTRIES, INC., ) <br> ) <br> ) <br> Defendant. ) | Civil Action No. 12-342 <br> Member Cases: 12-527, 13-1395, 13-1396, 14-229 <br><br> Magistrate Judge Dodge |

## MEMORANDUM OPINION

Plaintiffs PennEnvironment and Sierra Club bring these citizen suits against Defendant PPG Industries, Inc. ("PPG") under section 505 of the Federal Water Pollution Control Act, 33 U.S.C. § 1365(a)(1) (Clean Water Act or CWA), section 7002(a)(1)(B) of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1)(B) (RCRA), and section 601(c) of the Pennsylvania Clean Streams Law, 35 P.S. § 691.601(c) (CSL). In their lawsuits, they seek to remedy the alleged imminent and substantial danger to health and the environment presented by contamination of a site in Armstrong County, Pennsylvania used and operated by PPG (the "Site"), contamination of surface waters and sediments in the Allegheny River and Glade Run near the Site, and contamination of groundwater associated with the Site.

Currently pending before the Court for disposition is PPG's Motion to Amend the February 23, 2022 Order Denying PPG's Motion For Summary Judgment on Mootness Grounds to Certify For Interlocutory Appeal (ECF No. 506). For the reasons that follow, the motion will be denied.

I. **Relevant Procedural History**

On June 1, 2021, PPG moved for summary judgment on mootness grounds (ECF No.

480) and Plaintiffs filed their Fifth Motion for Partial Summary Judgment (ECF No. 476).

On February 23, 2022, the Court issued a Memorandum Opinion and two Orders (ECF Nos. 501, 502 and 503), granting Plaintiffs' motion and denying PPG's motion. In its motion for summary judgment, PPG cited several cases from courts outside the Third Circuit in support of its argument that Plaintiffs failed to prove that there was a "realistic prospect" that its violations would continue. It asserted that PPG's negotiation of a Remedial Cleanup Plan with the Pennsylvania Department of Environmental Protection (PADEP) and payment of $1.2 million to PADEP as part of a Consent Order and Agreement (COA) rendered moot Plaintiffs' claim for civil penalties under the CWA. The Court concluded, however, that neither the Supreme Court nor the Third Circuit has endorsed placing the burden upon plaintiffs to prove mootness in this context.

The Court also noted that the Third Circuit has never held that a penalty paid by a party to a state agency under a consent decree moots that party's responsibility to pay a civil penalty to the United States under federal statutes. Moreover, the Court stated that few, if any, courts have held that payment made to a state agency—as opposed to the Environmental Protection Agency (EPA), a federal agency that has a primary enforcement role in CWA citizen suits—*after* a party has been held liable suit moots a party's responsibility for CWA civil penalties that may be imposed by the court in that lawsuit. PPG did not argue that the amount paid under the 2019 COA was "comparable" to a civil penalty under the CWA, which is assessed after public notice and comment as well as consideration of the issues of economic benefit to PPG by its past noncompliance and meaningful deterrence. Indeed, the amount paid by PPG in connection with the 2019 COA appeared to bear no relationship to the amounts that could be assessed in a CWA civil penalty for PPG's violations. Further, the Court held that, because it bore no relationship to

the estimated costs of establishing and maintaining the system, the amount paid by PPG did not suggest that it met the standard for deterrence. Finally, the Court noted that PPG's payment did not account for 2,630 days of violations that occurred before April 2, 2014 or the 274 days after the entry of the 2019 COA on April 2, 2019, during which PPG's unpermitted discharges continued until the National Pollutant Discharge Elimination System ("NPDES") permit became effective on January 1, 2020.

Thereafter, PPG filed the pending motion (ECF No. 506), which has been fully briefed (ECF Nos. 507, 511).

II. Discussion

A. Standard of Review

The standard for allowing an interlocutory appeal is as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). This decision is within the Court's discretion and "the burden is on the movant to demonstrate that a 1292(b) appeal is warranted." *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994) (citation omitted).

Thus, the issues to be determined with respect to PPG's pending motion are: (1) whether the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) whether an immediate appeal from the order may materially

3

advance the ultimate termination of the litigation. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1973) (citation omitted). The moving party must demonstrate that all of these elements are met, *Katz, id.*, and even then, the court should be "mindful of the policy against piecemeal appeals." *Orson,* 867 F. Supp. at 321. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (interlocutory review is reserved for "exceptional" cases).

      B.    Controlling Question of Law

A controlling question of law "must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755. However, it can also include a question that is "serious to the conduct of the litigation either practically or legally." *Id.*

PPG contends that the issue of mootness in this context presents a controlling question of law because it is a pure legal question that is novel. It argues that a reversal of the Court's summary judgment decision would foreclose the Plaintiffs' claims—in other words, it presents a controlling question of law. *Knipe v. Smith Kline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (preemption presents a controlling question of law); *see also See also Aluminum Bahrain B.S.C. v. Dahdaleh*, 2012 WL 5305169, at *1-2 (W.D. Pa. Oct. 25, 2012) (recognizing lack of consensus as to applicability of co-conspirator theory of personal jurisdiction within Pennsylvania state and federal courts).

Plaintiffs respond that, although a reversal of the Court's decision would reverse any penalties that were imposed, the issue is not a "pure" question of law because it involves the application of settled law (that is, mootness is demonstrated when the court can grant "no effectual relief whatever" to a plaintiff) to the facts of this case. *See McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) ("The term 'question of law' does not mean the application of settled law to fact.") (citation omitted); *see also Ahrenholz v. Bd. of Trustees of*

4

*Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) (although the appeal of a summary judgment decision "presents a question of law (namely whether the opponent of the motion has raised a genuine issue of material fact), which if dispositive is controlling; and often there is room for a difference of opinion . . . Section 1292(b) was not intended to make denials of summary judgment routinely appealable . . . A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable.").

The Court concludes that the issue of whether civil penalties in a citizen suit under the CWA are rendered moot by the payment by the defendant of damages to a state agency in connection with a COA appears to present a pure question of law. *See J.T.H. v. Dep't of Soc. Servs.*, 2021 WL 3847134, at *2 (E.D. Mo. Aug. 27, 2021) (questions of mootness and standing were controlling questions of law); *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 854 F. Supp. 2d 756, 768-69 (C.D. Cal. 2011) (noting that a reversal on the court's decision on the prudential mootness issue would revive certain counts of the complaint and this would "materially affect the outcome" of the litigation), *aff'd*, 744 F.3d 1124 (9th Cir. 2014). In addition, the issue can be described as "serious to the conduct of the litigation either practically or legally." Nevertheless, the other two requisite factors do not support PPG's request for interlocutory appeal.

C. <u>Substantial Ground for Difference of Opinion</u>

PPG argues that, because it has referenced decisions favorable to its position from outside the Third Circuit, there is substantial ground for difference of opinion. However, it cites no authority in support of this position, which counterintuitively suggests that every issue of first impression could properly be the subject of an interlocutory appeal.

Plaintiffs dispute this argument, citing several cases in support of its position. *See Freedom Med., Inc. v. Gillespie*, 2013 WL 3819366, at *5 (E.D. Pa. July 24, 2013) ("A circuit

split between our Court of Appeals and the courts of appeals for other circuits does not make Third Circuit precedent any less binding and cannot be said to create a 'substantial ground for difference of opinion' when it comes to issues of law before this Court."); *Interfaith Cmty. Org. Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 319 (D.N.J. 2010) ("PPG argues that interlocutory appeal is appropriate because Judge Greenaway declined to follow certain cases in other districts and circuit courts of appeal that are not controlling on this Court. Those arguments are not meritorious because the Court has no duty to follow noncontrolling law.")

Having considered the parties' arguments, the Court concludes that PPG has not demonstrated that there is a substantial basis for a difference of opinion on a controlling question of law. Although the Third Circuit has not decided a case precisely like this one, it has addressed a similar situation. *See Natural Res. Def. Council, Inc. v. Texaco Ref. & Mktg., Inc.*, 2 F.3d 493, 503 (3d Cir. 1993) (although claims for injunctive relief were moot, claims for damages were not moot based on an intervening NPDES permit that eliminated any reasonable possibility that Texaco would continue to violate specified parameters because civil penalties under the CWA are mandatory and attach at the time of the violation, *see* 33 U.S.C. § 1319(d)). *See also Natural Res. Def. Council, Inc. v. Loewengart & Co.*, 776 F. Supp. 996, 1000 (M.D. Pa. 1991) (rejecting the reasoning of a case from another circuit because: "If Congress had intended a citizen's suit to be dismissed when the government took initiative against the polluter at any subsequent time, it could have written the citizen's suit provision that way."); *Public Int. Rsch. Grp. of New Jersey, Inc. v. Elf Atochem N. Am., Inc.*, 817 F. Supp. 1164, 1171 (D.N.J. 1993) (same).

The reasoning of the Third Circuit in *Texaco*—that civil penalties are not mooted by later events because they are mandatory and attach at the time of the violation—applies regardless of whether the intervening event is an updated NPDES permit or a payment made to a state agency

in connection with a COA.

Simply put, a court is not obligated to follow noncontrolling law from other jurisdictions. PPG offers no basis to conclude that, if presented with this scenario, the Third Circuit would alter course from what it said nearly 30 years ago in *Texaco* and find claims for civil penalties moot based on a handful of cases from other jurisdictions that are distinguishable. Therefore, this factor weighs against certifying the issue for interlocutory appeal.

### D.  Whether an Immediate Appeal Materially Advance the Litigation

"In determining whether certification will materially advance the ultimate termination of the litigation, a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Orson*, 867 F. Supp. at 322.

PPG asserts that if the Court was to certify this matter for interlocutory appeal and the Third Circuit ultimately rules in PPG's favor, "the entire case will be dismissed and none of these additional aspects of the litigation need occur." *Knipe*, 583 F. Supp. 2d at 601. An immediate appeal will not eliminate the need for trial, however. Certainly, if the Third Circuit reversed the Court's decision, it would eliminate a portion of the penalty phase. However, a successful appeal would not eliminate the need for trial for violations not covered by the 2019 COA. As Plaintiffs note, a trial would still be necessary regarding the appropriate civil penalties to be imposed for violations not covered by the 2019 COA. As the Court observed in denying PPG's motion for summary judgment, its payment did not account for violations that occurred before April 2, 2014, or between entry of the 2019 COA on April 2, 2019 and January 1, 2020, the effective date of the NPDES permit.

Moreover, the *Knipe* case cited by PPG involved an issue of federal preemption that is

not comparable to the issue presented in this case, and unlike this case, a reversal would have resulted in the dismissal of the entire case.

"Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set." *Katz v. Live Nation, Inc.* 2010 WL 3522792, at *3 (D.N.J. Sept. 2, 2010) (citing *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1004 (D.N.J. 1996)). As the *Knipe* court stated, "[w]here discovery is complete and the case is ready for trial an interlocutory appeal can hardly advance the ultimate termination of the litigation." 583 F. Supp. 2d at 601. This case is not in its early stages. Indeed, it has been litigated for ten years. Discovery is complete, motions for summary judgment have been decided and all other pretrial matters, including setting a date for the commencement of a trial, can be scheduled promptly. As Plaintiffs note, an interlocutory appeal will only result in a delay of the resolution of this case.

Further, an interlocutory appeal would not substantially eliminate complex issues so as to simplify the trial. While PPG argues that, as in *Knipe*, "any trial likely will be preceded by numerous motions in limine and *Daubert* motions and the trial itself may well be lengthy and complicated." PPG has not explained why multiple motions in limine and *Daubert* motions, even if required, support an interlocutory appeal. Indeed, resolution of such motions is likely to streamline a trial. Moreover, given the fact that penalty issues would not be fully resolved even if the Court's prior decision was reversed, it is unlikely that a successful appeal would substantially eliminate complex issues.

Finally, even if all three statutory requirements were met, PPG has not identified any special circumstances that would warrant the exercise of this Court's discretion in making an exception to the general policy against piecemeal litigation. *See U.S. v. Nixon*, 418 U.S. 683, 690

(1974).

### III. Conclusion

For these reasons, PPG's Motion to Amend the February 23, 2022 Order Denying PPG's Motion For Summary Judgment on Mootness Grounds to Certify For Interlocutory Appeal (ECF No. 506) will be denied.

An appropriate order follows.

Dated: June 7, 2022                                             /s/Patricia L. Dodge
                                                                PATRICIA L. DODGE
                                                                United States Magistrate Judge